Association. Good morning, Your Honors. Good morning, Mr. Morales. Would you start, please, by telling us why the UEM is, in fact, a proper party to have brought this litigation? Yes, Your Honor. That's different than the issue of whether it's moot. Yes, I know. My point is, our point in the appeal is that UEM has the ability, and had the ability, to pursue the action under the Landon Briefing Act because it was the entity that was affected by a decision made by the International. The International made the decision? I'm sorry, I thought your basic position was you had disaffiliated. Yes. And therefore, the logic is, if you had disaffiliated from the International and the District Court found you hadn't, but if you had, you aren't a subordinate union local anymore with standing under the statute. Your Honor, in my opinion, I have read a lot of cases regarding this issue. Answer the question. Yes, on the Landon Briefing Act, even if I say that my first intention is that the union be disaffiliated from the International on May 9, 2015, that is my position that has not changed. But since the International put the entity, the local union, the union, under trusteeship, then in that situation, the only remedy that I had was to question that trusteeship, saying… I don't care about your remedies. I care about the statutory restrictions on who may sue. Now, can we go back to the statute and you tell me why your party is a proper party to pursue this cause of action? Because even though we disaffiliated from the International, the International considered the urban local union as a subordinate labor organization and imposed its authority over that. The only way to stop… What side of the case to me that establishes this proposition? And that case was brought under the Landon Briefing Act, even though the main allegation of the local union was that they were disaffiliated from the International Union. Judge Torreira's opinion does not discuss this matter at all. I read it yesterday. Do you have any other case? Your Honor, I'm going to give you all due respect. There is another case in this. ABB v. Law of Lodge, D-129, 910 Federal Circuit, 1056 is a case from the Second Circuit, 1990. That case was also recorded in our Briefing and Appeal. And it also dealt with the disaffiliation. And in the case… And I have to be honest with you, Your Honor, because in the case of Judge Torreira, the disaffiliation, the concern for disaffiliation was the main issue in that case. Counselor, what is the… I'm also trying to understand the logic of your position. Your position is that you successfully disaffiliated, the District Court agreed with that. The International disregarded the disaffiliation and proceeded to impose the trusteeship and then other events that happened in the wake of that. And it's your position that the trusteeship, the subsequent merger, all of that imposed damages of some unspecified form on your… which continues to exist. And at least as of today, Your Honor, with the general assistance, because of those damages, you have a right to pursue that damages remedy? Is that your… Yes, that is my position, Your Honor. But you didn't plead anything other than a claim, a generalized claim for damages. You did not plead anything about what those damages were. And that's something that your opponent has commented on, that you just simply failed to state a claim for damages. Your Honor, in this case, we have to acknowledge that the trusteeship was imposed on May 12th and the complaint was filed two or three weeks later. At that moment, at that moment, it was premature to determine the damages that the entity had suffered. Why? Because at that moment, the unit was in control of the records, of the affairs, of the building, of the assets. The only issue at that moment that there was a difference and there was a damage at that moment, and it was mentioned in the complaint, was that the bank accounts were frozen at that moment. Then, immediately, we requested a preliminary injunction, the hearings were conducted, were held, and at that moment, the judge denied the entire case, dismissed the entire case. So, we didn't have the opportunity to pursue our claim to specify all the damages because then we went through the appeal process. In your opponent's brief, there's a representation that there's been a merger of the different locals and that the trusteeship, which existed for a period of time, no longer exists. What is the status of your client at this point? Has it merged? Does it continue to be affiliated, in any sense, with the International? Well, we became aware of that situation through the motion that was filed. Excuse me, we're talking about your client. Yes, my client still exceeds all the requirements to the Board of Assets of the land. Would you answer my question? Has it merged with other locals, and does it exist, what's its present relationship with the International? I believe that they're still affiliated, but I haven't seen that document emerge. I also tried with the National Land Relations… Excuse me, who are you representing? I am representing the ruling. I represent them in the only valid way. Why? Because it's the entity that still exists under the law in Puerto Rico. It's a separate corporation. This is not a creature created by the International. This is an organization that has been existing for several years. And it would be true, but I don't understand what you're saying. You said ELA. No, ELA. I'm using the acronym in Spanish, because in the next several months, we're going to have to put it out as a notice. So everyone who refers to that as ELA. Excuse me, I misunderstood. I'm confused here. If the disaffiliation was not effective because it was not in accordance with the Constitution, and if the imposition of a trusteeship was effective because, as the magistrate cited, some of the reasons accorded with the reasons set forth in the Constitution, then do you have any case at all? Yes, Your Honor. Because, as Judge Wood has said before, our main contention is that we disaffiliated in May 2015. But stay with my question. You may disagree with the assumptions I'm making in the question. But if the disaffiliation was not effective because of the lack of notice given to members about the subject matter of the meeting agreement, and if the trusteeship was effective because proper reasons and procedures were followed, then wouldn't it follow that the union ceased to exist was taken when the trustees then agreed to have the union merged into the others? In my opinion, no. First, because I haven't seen that document. Second, that document even hasn't been produced to the court. Second, I have not seen that document before, nor even have during this hearing. Did you ask your brother counsel when you got the brief? No, Your Honor. No, Your Honor. Because if I didn't have that document, it was not submitted to the court, then I cannot use it. Then why should it have been submitted to the court? I know. But... So who is your client? Who are you talking to? My client still exists under the law of Puerto Rico. Because if there is a merger... It's a corporation. And I haven't seen that document. According to the records of the Department of State of Puerto Rico, the union still exists. In fact, my clients are still in possession of the building and records of the union. Second, if I had the private documents, they would emerge. You're right, Your Honor. When you're talking about the document that you say you haven't seen, are you talking about the imposition of the trusteeship? I'm talking about the merger, Your Honor. Well then, put that to one side. If the trusteeship was properly imposed and there had been no disaffiliation, then didn't you lose standing only the trustee? Or a member could bring a suit. How could you then even bring the suit? Yes. Because the trustee, as I understand it, a trusteeship, it replaces the management of the union, the heads of the union, with the trustee. The trustee then makes the decision whether to sue, not to sue. And the trustee, as I understand it, made no decision to sue. So aren't you kind of left without a client? Your client has been taken over by a trustee. No, if I maintain my first contention that the union was disaffiliated. Because then the international didn't have the authority... Suppose you lose on that. Pardon? Suppose you lose on that. Judge Hayata asked you to assume certain things. Do you have a client anymore who's authorized to sue? Again, I make contention, Your Honor. My main point will be the disaffiliation. That still, if the trusteeship ended, and the other thing happened, and still you have jurisdiction to entertain this action under the Blanding Briefing Act. Counsel, it seems to me your position is... You don't insist, it appears to me, in your supplemental briefing on the issue of groupage, you, I think, are telling us that your claim for damages, unspecified who they are, that that survives. And you never want to say you're entitled to damages because, number one, you're properly disaffiliated. Nevertheless, the international imposed a trusteeship on you, which then led to what appears to now be a merger. And all of those proceedings, the trusteeship, the merger, has imposed some kind of damages on the still surviving local. And I gather it's your argument that because of that surviving damages claim, we should evaluate the analysis of Magistrate Judge on the disaffiliation issue and make some judgment whether the court was right or wrong on that. Is that what you're arguing? Yes. Because everything followed from the disaffiliation and refusal to recognize it. Yes, that's my main point. I'm not sure we can do that. Thank you. Thank you. Your brother counsel has just clarified that he'd like us to reach the merits of the disaffiliation issue. There is a sort of logically prior question about their standing to sue. Perhaps you could clarify for us what the situation is. About the standing to sue? Yes. Okay, Your Honor. Well, I think the questions that you were asking my brother counsel were on point because although people and attorneys and parties can't argue any alternative, the argument he is making is neither alternative is really viable. The whole case hinges on whether or not his client or his putative client, the union de empleados, actually disaffiliated prior to the trusteeship being imposed by the international. Assume for a moment that he's right that they did withdraw or disaffiliate. Okay. What's your position on their standing? If they were successful in disaffiliating, then their standing or they have, in that case it would be a standing argument as the magistrate judge put it down and Judge Bessosa adopted. The LMRDA, which is the only statute that any claims are pled under, requires that the Title III claim be brought by a subordinate entity. So if he was successful, or my brother counsel's client was successful in disaffiliating from the international, then it's logical that it would not have a claim against the international as a subordinate entity. There's no standing on the LMRDA. Take the counterfactual. Let's assume they did not successfully disaffiliate, but the trusteeship was improperly imposed. Well, as a subordinate, continuing subordinate body, because the merger by the trustee would therefore not have been brought. Well then, if the disaffiliation was not effective, but there was some defect in the imposition of the trusteeship, that's when the mootness question comes up. If you were seeking, or if the entity is seeking relief under Title III, and that is injunctive relief, or declaratory relief, and those are the specific two reliefs that the appellant is seeking, then after the trusteeship is over, after the entity has been restored to self-governance, and in this case it has been restored to self-governance, it's merged in with the large group, but it is restored. But the merger, isn't the effectiveness of the merger contingent upon the effectiveness of the trusteeship? No, Your Honor. How could you have the merger that is, in which the trustee acts as the local, if the trustee was not properly appointed to act on behalf of the local? I mean, as the magistrate judge noted in Article 12 of the ILA Constitution specifies, the international has the right and the authority to merge any locals upon conditions that it sees fit, and in fact, there were four locals in San Juan, Puerto Rico that were all merged, and three of those local unions were merged without imposing a trusteeship. Because of the other additional problems with the executive board and the president of the UDEM local 1901 ILA, a trusteeship was unfortunately necessary. But the question of the merger has nothing to do with the trusteeship. It's a question of the authority of the ILA to impose a merger without a trusteeship. You're saying either they disaffiliated, in which case they're no longer a member of the club that can bring the suit, or alternatively, if they did not disaffiliate, irrespective of what happened with the trusteeship, they are merged, and hence, there's nothing for them to do. It's smooth. Yes, because there are various cursor references to damages, but there is no pleading of any facts that the local entity was damaged in any way, shape, or form. If they had been more specific about the nature of their damages, the implication of your statement is that we would not have merged because the damages issue would still be alive. Is that what you're acknowledging? I think I am acknowledging that, Your Honor, because when I did the research, I was trying to see if there does seem to be an availability of damages for a Title III lawsuit against the International for imposing a trusteeship. I could not find any actual case where damages were awarded. To be clear, damages have to be damages of the entity. The Ross case in the Third Circuit and other cases have made it clear that, for example, the executive board losing their pay or losing their office. Although, again, there is no specificity on damages, I do not understand that the officers are seeking personal damages. They seem to speak in terms of damages to the entity, not to the individual officers. You're fair, Your Honor. I'm just trying to be clear. And I think that there is some theoretical possibility of damages out there. What that would be, I can only speculate. There doesn't seem to be any specific allegations of damages in this case, and there's nothing in the record that would even tend to show damages. There's no defalcation of funds. Okay, so let's step backward. If the trusteeship was valid, do you say there was no claim for damages stated? Does the one follow from the other? If the trusteeship was valid? Yes. I'm sorry, Your Honor. If the trusteeship was valid and there was no claim for damages stated, does one follow? If the trusteeship was valid and the international did everything according to the book, is there any claim for damages that would have been possible? If they lose on the merits of the trusteeship, we can see what that does to injunctive relief, but would it also eliminate any possible claim for damages? I think it does, Your Honor. I see what you're saying now. If the procedures for imposing trusteeship were followed, and that trusteeship was imposed for legitimate purpose, then it's difficult, if not impossible, to see how damages could arise because the international has been allowed, pursuant to the Constitution, and pursuant to the MRDA, to appoint a trustee to govern the affairs of the local and it's given very broad power. So if the trustee is acting within his authority and doing what he should be doing, pursuant to the statute, pursuant to the Constitution, it's impossible to see how any claim for damages by the entity could arise against the international. In a lot of kind of way, just following up on Judge Cahill's question, in terms of the survivability of the claim, they may be better off if they didn't successfully disaffiliate because if they disaffiliated, they're again, not part of the company, or they're not a subordinate. They have no authority under the Labor Management Act to sue, but if the disaffiliation is not affected, then maybe they are in a position to challenge the trusteeship and emerge or claim some kind of damages. That seems to be the somewhat perverse logic for where we're going here. I do follow, and it does make sense. I mean, I would say that they get a little bit farther if they are disaffiliated. They have standing to bring the claim under the MRDA, but then all the other issues arise that the magistrate judge addressed or that trusteeship was imposed for a proper purpose. So they had to be pleading alternative theories because if, in fact, they claim in their complaint to have successfully disaffiliated, if that were so, they couldn't bring this suit. Their alternative claim apparently is, well, regardless, even if the international retained control over us, the trusteeship was invalid. They're pleading inconsistent theories. Yes, Your Honor, it's inconsistent. And even if they did have standing because they didn't disaffiliate, they get, as I said to Judge Lepizig, a little further. But then at this point in time, since they lost in the preliminary injunction, the mootness does kick in. The trusteeship is over and they're completely relieved. They complete. I mean, the part of complete alternative and inconsistent theories, they do it all the time. The rules allow it. So if we accept the proposition, if we accept that they have pleaded, not just that they disaffiliated, but that even if they didn't disaffiliate, they were a victim of an improper trusteeship imposed upon them, then don't we need to decide the propriety of the trusteeship in order to find that there is no damage claim? I submit no, Your Honor, because it is now moot based upon the damage claim. It was the damage claim that we didn't disaffiliate, but it was an improper effort to impose a trusteeship on us and that damaged us. If that was put forward below, I'm not sure it was, as I read the record. It wasn't put forward below, Your Honor. I do see what you're saying, though, that there is maybe the possibility of nominal damages or something. I don't see any case like that. Just the imposition of the trusteeship after the fact where you get some sort of, you don't get injunctive. I haven't seen any case for nominal damages. Okay, thank you.